IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER SANTIAGO,** | : | CIVIL NO. 1:CV-12-0383 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

**MEMORANDUM**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Walter Santiago ("Santiago"), an inmate currently incarcerated at the United States Penitentiary at Canaan, Pennsylvania. Santiago is challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. Specifically, he claims that the BOP failed to give him credit for time spent in a state facility before he was transferred to BOP custody. The petition was served, and a response thereto has been filed. Santiago has filed a traverse. The petition is now ripe for disposition and, for the reasons that follow, will be denied.

**I.     Background**

On February 7, 2008, Dauphin County, Pennsylvania authorities arrested Santiago for Conspiracy to Possess with Intent to Deliver a Controlled Substance and Possession with Intent to Deliver a Controlled Substance. On February 20, 2008, the state charges were withdrawn, however, Santiago remained in jail pending a probation violation arising out of Lebanon County, Pennsylvania, in Docket No. CP-38-00000823-CR-002. (Doc. No. 12, Ex. 1, Flagg Decl. ¶¶ 1-3.) Santiago was also charged by Federal authorities in a three-count indictment in the United States District Court for the Middle District of Pennsylvania. (Doc. No. 1, Ex. A, Indictment, United States v. Santiago, No. 1:08-CR-66 (M.D. Pa. Feb. 13, 2008)).

On February 26, 2008, the federal government filed a motion for detention due to the severity of the charges. (Id., Ex. B.) Santiago was transferred to the custody of the United States Marshals Service ("USMS") to appear in federal court pursuant to a Writ of Habeas Corpus Ad Prosequendum. Santiago was returned to the primary custody of Dauphin County authorities on the same date. (Doc. No. 12-1, Attach. A, USMS Prisoner Tracking System at 1-2.)

On March 4, 2008, Santiago was again transferred to the custody of the USMS to appear in federal court pursuant to a Writ of Habeas Corpus Ad Prosequendum, where he entered a not guilty plea to the federal charges. The Federal court ordered his detention pending trial. He was returned to the primary custody of the Dauphin County authorities on the same date. (Id. at 2.) On March 12, 2008, Dauphin County turned Santiago over to the custody of Lebanon County, Pennsylvania, based on the warrant for the probation violation in Docket No. CP-38-00000823-CR-002. (Doc. No. 12, Exh. 1, Flagg Decl ¶ 6; Attach. B, Designation and Sentence Computation Center notes dated May 17, 2010; Attach C, Lebanon County Criminal Docket.) Santiago's state probation was revoked on July 2, 2008, and a state term of imprisonment of two months to two years less one day was imposed. (Id.)

On July 24, 2008, Santiago was transferred to the custody of the USMS to appear in federal court pursuant to a Writ of Habeas Corpus Ad Prosequendum. He was returned to the primary custody of Lebanon County on the same date to complete the service of his probation violation sentence. (Doc. No. 12-1, Attach. A at 2.) On April 14, 2009, Santiago was transferred to the custody of the USMS to again appear in federal court on a Writ of Habeas Corpus Ad Prosequendum. (Id.)

On April 16, 2009, Santiago was sentenced in the United States District Court for the Middle District of Pennsylvania to a 108-month term of imprisonment on the federal charges of Conspiracy to Distribute and Possession with Intent to Distribute Cocaine Hydrochloride and Cocaine Base, violations of 21 U.S.C. § 846, and Criminal Forfeiture in violation of 21 U.S.C. § 853(p). (Doc. No. 12, Ex. 1 at ¶ 10; Attach. D, Judgment.) The judgment is silent concerning whether the federal sentence should run consecutive to or concurrent with Santiago's state sentence. (Id.) On the same date, Santiago was returned to the custody of authorities in Lebanon County. (Doc. No. 12-1, Attach. D at 1-2; Attach. A at 2.)

As set forth above, federal authorities borrowed Santiago from Dauphin County officials pursuant to Writs of Habeas Corpus Ad Prosequendum on February 26, 2008, and March 4, 2008, for federal court appearances. On each occasion, Santiago was returned to Dauphin County the same date. At the March 4, 2008 appearance, Santiago had entered a plea of not guilty to the federal drug charges. Dauphin County authorities turned Santiago over to Lebanon County officials on March 12, 2008, because a warrant was issued for a probation violation in that county. (Doc. No. 12, Ex. A ¶ 6.)

On July 24, 2008, federal officials borrowed Santiago from Lebanon County officials pursuant to a Writ of Habeas Corpus Ad Prosequendum for a federal court appearance when he changed his plea on the federal charges to guilty. (Id., ¶ 8.) Federal officials again borrowed Santiago from Lebanon County officials pursuant to a Writ of Habeas Corpus Ad Prosequendum on April 14, 2009 in relation to his appearance in federal court on April 16, 2009 for sentencing on the federal charges. Following the sentencing, he was returned to Lebanon County to serve the remainder of his probation violation sentence.

On June 24, 2009, the Pennsylvania Department of Corrections discharged Santiago, and released him to the custody of the USMS to begin serving his federal sentence. (Doc. No. 12, Ex. 1, Attachs. C, E.) The Pennsylvania DOC awarded Santiago presentence credit for the period of time from March 12, 2008 (the date he was transferred to Lebanon County for his probation violation), through July 1, 2008 (the date prior to his state probation revocation and sentence), and commenced his state sentence on July 2, 2008. (Id., Ex. 1 ¶ 11; Attach. B.)

A sentence computation was completed by the BOP for Santiago taking into account the time he spent in state custody serving his probation violation sentence, as well as the commencement of his federal sentence on June 25, 2009 (the date he was released to federal custody following discharge from his state sentence). (Id., Ex. 1 ¶ 13; Attach. F, Inmate Data.) The sentence computation reveals prior custody credit for Santiago's federal sentence from February 7, 2008 (the date he was taken into custody by Dauphin County officials) through March 11, 2008 (the day prior to when Dauphin County released him to Lebanon County) because the state did not award Santiago sentence credit toward his state probation violation sentence for that period. (Id.) In light of the foregoing, his projected release date from his federal sentence is March 24, 2017. (Id.)

He files the instant habeas petition seeking credit toward his federal sentence from February 7, 2008 through June 24, 2009, the time he spent in the Dauphin County and Lebanon County Prisons. There is no dispute that Santiago has exhausted his administrative remedies with respect to the claims he raises in the instant petition.

**II.     Discussion**

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Thus, Santiago has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned.  Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96.  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled.  Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

**A.     Commencement of Sentence**

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  In determining the commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody. . . ."  18 U.S.C. § 3585(a).  "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed.  See

United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998)." Taylor v. Holt, 309 F. App'x 591, 592-93 (3d Cir. 2009).

In determining the commencement date of a federal sentence under 18 U.S.C. § 3585(a), the Court must first address whether the defendant was in primary federal or primary non-federal custody at the time the federal sentence was imposed. If he was in primary federal custody, the federal sentence will commence upon imposition. See 18 U.S.C. § 3585(a). However, if the defendant was in primary non-federal custody at the time the federal sentence was imposed, the BOP must determine whether the federal sentencing court expressly indicated its intent as to whether the federal sentence should run concurrently to or consecutively with the non-federal sentence. See 18 U.S.C. § 3584(a). Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

In the instant case, Santiago was in primary non-federal custody at the time his federal sentence was imposed on April 16, 2009. He was in the primary custody of the Lebanon County officials, and transferred to the custody of the USMS to appear in federal court on a Writ of Habeas Corpus Ad Prosequendum for the federal sentencing. Further, Santiago's federal judgment was silent as to whether the sentencing court intended his federal sentence to run concurrently or consecutively to his state sentence. As such, the BOP construed the Middle District of Pennsylvania's silence as intent to impose a consecutive sentence and commenced it on June 25, 2009, the date Santiago was taken into federal custody. See 18 U.S.C. § 3584(a).

**B.    Sentence credit**

The second inquiry to be made in computing Santiago's federal sentence is to determine

the amount of credit, if any, for time spent in custody prior to the commencement of the federal sentence.  With respect to the issue of prior custody credit, it is the BOP and not the sentencing court which determines if jail credits should be granted towards a federal sentence.  United States v. Wilson, 503 U.S. 329, 333-35 (1992).  A federal defendant is entitled under certain circumstances to "jail time credit" as governed by 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b)(emphasis added).  "Congress made clear that a defendant could not receive a double credit for his detention time."  Wilson, 503 U.S. at 337.  When calculating credit for time accrued in custody "[t]he BOP may not give credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit."  Taylor, 309 F. App'x at 593 (citing Wilson, 503 U.S. at 337).  See also Chambers, 920 F. Supp. at 622.  Section 3585(b) authorizes credit for time served only if the time has not already been credited towards another sentence.

While the sentencing court has authority under U.S.S.G. § 5G1.3(c) to "adjust" a sentence, this authority is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.  See Ruggiano v. Reish, 307 F.3d 121, 131-33 (3d Cir. 2002).  The adjustment that the sentencing court

exclusively can award under § 5G1.3(c) is a sentence reduction designed to account for time spent in custody on a prior conviction as opposed to the credit the BOP exclusively awards under § 3585(b) that accounts for time served in detention prior to the date the federal sentence commences. See id.

It is also well-established that Santiago is not entitled to a credit for the days he was detained by federal officials under writs of habeas corpus ad prosequendum. See Ruggiano, 307 F.3d at 125 n. 1 (noting that a prisoner detained pursuant to a writ "is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person").

In the instant case, the BOP credited Santiago's sentence for the period from February 7, 2008, to March 11, 2008, since this time had not been credited against any other sentence. (Doc. 12, Ex. 1 ¶ 13; Attach F.) State officials credited his state sentence for the period of March 12, 2008 to July 1, 2008, the date his state parole violation sentence was imposed. (Id. ¶ 11; Attach. B.) In addition, the period of July 2, 2008 through June 24, 2009, was credited toward the service of Santiago's state sentence as well. (Id., Attach. C at 15; Attach E.) As such, the BOP is not permitted to credit those periods of time against Santiago's federal sentence due to the prohibition of double credits as set forth in 18 U.S.C. § 3585(b).

Santiago has received credit from the date his federal sentence commenced, June 25, 2009, and for the period from February 7, 2008 to March 11, 2008, which had not been credited against another sentence. As such, he has received all credit to which he is entitled, and the Court finds that the BOP has not abused its discretion in calculating Santiago's sentence. For these reasons, the Court will deny Santiago's petition for writ of habeas corpus. An appropriate

order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER SANTIAGO,** | : | **CIVIL NO. 1:CV-12-0383** |
| Petitioner, | : | |
| | : | (**Chief Judge Kane**) |
| v. | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

## O R D E R

**AND NOW,** this 20th day of June, 2012, upon consideration of the petition for writ of habeas corpus (Doc. No. 1), and for the reasons stated in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to close this case.

        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania