IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER SANTIAGO,** | : | CIVIL NO. 1:CV-12-0383 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

**MEMORANDUM**

Walter Santiago ("Santiago") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. He claims that the BOP failed to give him credit for time spent in a state facility before he was transferred to BOP custody. Following service of the petition and the filing of a response and a traverse, the Court issued a Memorandum and Order on June 21, 2012, denying the petition. (Doc. No. 14.) Presently pending is Santiago's motion seeking reconsideration of the Court's decision. For the reasons that follow, the motion will be denied.

**I.    Background**

On February 7, 2008, Dauphin County, Pennsylvania authorities arrested Santiago for Conspiracy to Possess with Intent to Deliver a Controlled Substance and Possession with Intent to Deliver a Controlled Substance. On February 20, 2008, the state charges were withdrawn, however, Santiago remained in jail pending a probation violation arising out of Lebanon County, Pennsylvania, in Docket No. CP-38-00000823-CR-002. (Doc. No. 12, Ex. 1, Flagg Decl. ¶¶ 1-3.) Santiago was also charged by Federal authorities in a three-count indictment in the United States District Court for the Middle District of Pennsylvania. (Doc. No. 1, Ex. A, Indictment, United States v. Santiago, No. 1:08-CR-66 (M.D. Pa. Feb. 13, 2008)).

On February 26, 2008, the federal government filed a motion for detention due to the severity of the charges. (Id., Ex. B.) Santiago was transferred to the custody of the United States Marshals Service ("USMS") to appear in federal court pursuant to a Writ of Habeas Corpus Ad Prosequendum. Santiago was returned to the primary custody of Dauphin County authorities on the same date. (Doc. No. 12-1, Attach. A, USMS Prisoner Tracking System at 1-2.)

On March 4, 2008, Santiago was again transferred to the custody of the USMS to appear in federal court pursuant to a Writ of Habeas Corpus Ad Prosequendum, where he entered a not guilty plea to the federal charges. The Federal court ordered his detention pending trial. He was returned to the primary custody of the Dauphin County authorities on the same date. (Id. at 2.) On March 12, 2008, Dauphin County turned Santiago over to the custody of Lebanon County, Pennsylvania, based on the warrant for the probation violation in Docket No. CP-38-00000823-CR-002. (Doc. No. 12, Ex. 1, Flagg Decl ¶ 6; Attach. B, Designation and Sentence Computation Center notes dated May 17, 2010; Attach C, Lebanon County Criminal Docket.) Santiago's state probation was revoked on July 2, 2008, and a state term of imprisonment of two months to two years less one day was imposed. (Id.)

On July 24, 2008, Santiago was transferred to the custody of the USMS to appear in federal court pursuant to a Writ of Habeas Corpus Ad Prosequendum. He was returned to the primary custody of Lebanon County on the same date to complete the service of his probation violation sentence. (Doc. No. 12-1, Attach. A at 2.) On April 14, 2009, Santiago was transferred to the custody of the USMS to again appear in federal court on a Writ of Habeas Corpus Ad Prosequendum. (Id.)

On April 16, 2009, Santiago was sentenced in the United States District Court for the Middle District of Pennsylvania to a 108-month term of imprisonment on the federal charges of Conspiracy to Distribute and Possession with Intent to Distribute Cocaine Hydrochloride and Cocaine Base, violations of 21 U.S.C. § 846, and Criminal Forfeiture in violation of 21 U.S.C. § 853(p). (Doc. No. 12, Ex. 1 at ¶ 10; Attach. D, Judgment.) The judgment is silent concerning whether the federal sentence should run consecutive to or concurrent with Santiago's state sentence. (Id.) On the same date, Santiago was returned to the custody of authorities in Lebanon County. (Doc. No. 12-1, Attach. D at 1-2; Attach. A at 2.)

Santiago was borrowed by federal authorities from Dauphin County officials pursuant to Writs of Habeas Corpus Ad Prosequendum on February 26, 2008, and March 4, 2008, for federal court appearances. On each occasion, Santiago was returned to Dauphin County the same date. At the March 4, 2008 appearance, Santiago had entered a plea of not guilty to the federal drug charges. Dauphin County authorities turned Santiago over to Lebanon County officials on March 12, 2008, because a warrant was issued for a probation violation in that county. (Doc. No. 12, Ex. A ¶ 6.)

On July 24, 2008, federal officials borrowed Santiago from Lebanon County officials pursuant to a Writ of Habeas Corpus Ad Prosequendum for a federal court appearance when he changed his plea on the federal charges to guilty. (Id., ¶ 8.) Federal officials again borrowed Santiago from Lebanon County officials pursuant to a Writ of Habeas Corpus Ad Prosequendum on April 14, 2009 in relation to his appearance in federal court on April 16, 2009 for sentencing on the federal charges. Following the sentencing, he was returned to Lebanon County to serve the remainder of his probation violation sentence.

On June 24, 2009, the Pennsylvania Department of Corrections discharged Santiago, and released him to the custody of the USMS to begin serving his federal sentence. (Doc. No. 12, Ex. 1, Attachs. C, E.) The Pennsylvania DOC awarded Santiago presentence credit for the period of time from March 12, 2008 (the date he was transferred to Lebanon County for his probation violation), through July 1, 2008 (the date prior to his state probation revocation and sentence), and commenced his state sentence on July 2, 2008. (Id., Ex. 1 ¶ 11; Attach. B.)

A sentence computation was completed by the BOP for Santiago taking into account the time he spent in state custody serving his probation violation sentence, as well as the commencement of his federal sentence on June 25, 2009 (the date he was released to federal custody following discharge from his state sentence). (Id., Ex. 1 ¶ 13; Attach. F, Inmate Data.) The sentence computation reveals prior custody credit for Santiago's federal sentence from February 7, 2008 (the date he was taken into custody by Dauphin County officials) through March 11, 2008 (the day prior to when Dauphin County released him to Lebanon County) because the state did not award Santiago sentence credit toward his state probation violation sentence for that period. (Id.) In light of the foregoing, his projected release date from his federal sentence is March 24, 2017. (Id.) In his habeas petition, Santiago sought credit toward his federal sentence for the period of time from February 7, 2008 through June 24, 2009, time he spent in the Dauphin County and Lebanon County Prisons.

In the Memorandum and Order issued on June 21, 2012, the Court found that Santiago's sentence commenced on June 25, 2009, the date he was taken into federal custody. See 18 U.S.C. § 3584(a); Doc. No. 14 at 5-6. It was further determined that the BOP credited Santiago's federal sentence for the period from February 7, 2008, to March 11, 2008, since this

4

time had not been credited against any other sentence. (Doc. No. 14 at 8.) Because state officials credited his state sentence for the period of March 12, 2008 to July 1, 2008, as well as for the period from July 2, 2008 through June 24, 2009, the Court found that the BOP was not permitted to credit those periods of time against Santiago's federal sentence due to the prohibition of double credit as set forth in 18 U.S.C. § 3585(b). In addition, it was found that Santiago had received credit toward his federal sentence from the date it commenced (June 25, 2009) as well as for the period of time from February 7, 2008 to March 11, 2008 (which had not been credited toward another sentence). On this basis, his request for any additional credit toward his federal sentence was denied.

In the pending motion for reconsideration, Santiago attempts to submit "new evidence" that he believes will show that he was actually in federal custody on February 7, 2012. He argues that he was arrested by "DEA" authorities and submits documents that he states "corroborates" the position he argued in his habeas petition. (Doc. 15 at 2; Exs. A, B.) He further argues that even if the state ultimately did have custody of him on said date, that the state relinquished custody to the federal authorities when the Dauphin County authorities withdrew the state charges on February 20, 2008. (Doc. No. 15 at 2.) He further points to the issuance of a detainer against him by the Lebanon County Court which did not occur until February 28, 2008.

## II. Motion for Reconsideration Standard

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at

least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, by LouAnn, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." McDowell Oil Serv. Inc. v. Interstate Fire & Cas. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993). Lastly, the reconsideration of a judgment is an extraordinary remedy, and should be granted sparingly. D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### III. Discussion

In the instant motion Santiago attempts to reargue the claims he set forth in his habeas corpus petition. While he does repackage his arguments and now attempt to submit documents he feels constitute "new evidence," the arguments upon which the new evidence are based have been previously presented to and rejected by this Court. Moreover, the documents now submitted could have been sought by Petitioner and presented to the Court along with the petition and/or traverse since they clearly existed at the time and there is no reason why Petitioner could not have obtained a copy of them. Regardless, the submitted documents do not alter this Court's conclusion as set forth in the Memorandum and Order of June 21, 2012 that Petitioner has received all credit toward his federal sentence to which he is entitled. For these

reasons, the motion for reconsideration will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER SANTIAGO,** | : | CIVIL NO. 1:CV-12-0383 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

# <u>O R D E R</u>

**AND NOW,** this 15th day of January, 2013, upon consideration of Petitioner's motion for reconsideration of this Court's Memorandum and Order dated June 21, 2012 denying the above petition for writ of habeas corpus, **IT IS HEREBY ORDERED THAT** the motion for reconsideration is **denied**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania
